UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROXANNE MOYER, INDIVIDUALLY | * | CIVIL ACTION NO: |
| AND ON BEHALF OF HER DECEDENT | * | |
| HUSBAND, SAMUEL N. MOYER | * | SECTION: |
| | * | |
| VERSUS | * | MAGISTRATE DIV.: |
| | * | |
| SIEMENS VAI SERVICES, L.L.C, *ET ALS*., | * | |
| SIGNAL METAL INDUSTRIES, INC., | * | JURY TRIAL REQUESTED |
| DANIELI CORPORATION, | * | |
| NORTH AMERICAN REFRACTORIES CO., | * | |
| & BLACK DIAMOND CAPITAL | * | |
| MANAGEMENT, L.L.C. | * | |
| ****************************************** | | |

**COMPLAINT FOR DAMAGES**

NOW INTO COURT, through her undersigned counsel, comes Plaintiff, Roxanne Moyer, a person of full age of majority residing in the Parish of St. James, State of Louisiana, appearing individually and on behalf of her deceased husband, Samuel N. Moyer, avers as follows:

**DEFENDANTS**

The Defendants to the civil action herein are:

1.      Defendant, Siemens VAI Services, L.L.C., *et als.*, and all of its affiliates, subsidiaries, successors, predecessors as well as any and all related entities and division companies, including but not limited to, Voest Alpine, Fuch's Systems, Korf-Fuchs Systems, Inc. and Siemens Worldwide, hereinafter ["Siemens VAI"] are all foreign companies (divisions) organized and existing under the laws of the State of Pennsylvania, domiciled in the State of Pennsylvania, and operating their principal place of business in Canonsburg, Pennsylvania.

1

2.     Defendant, Signal Metal Industries, Inc., is a foreign corporation incorporated and existing under the laws of the State of Texas, domiciled in Texas, and operating its principal place of business in Irving, Texas.

3.     Defendant, Danieli Corporation, is a foreign corporation licensed and operating its principal place of business in the State of Pennsylvania and domiciled in the State of Delaware.

4.     Defendant, North American Refractories Company, Inc., is a foreign corporation licensed and domiciled in the State of Ohio and operates its principal place of business in Cincinnati, Ohio.

5.     Defendant, Black Diamond Capital Management, L.L.C., is a foreign limited liability company domiciled in the State of Delaware and operating its principal place of business in Greenwich, Connecticut.

## JURISDICTION AND VENUE

6.     This Honorable Court possesses subject matter jurisdiction over the claims set forth herein based on the complete diversity of citizenship of the parties in accordance with 28 U.S.C. § 1332. In addition, the amount in controversy exceeds $75,000.00, exclusive of costs and legal interest as required by 28 U.S.C. § 1332.

7.     This Honorable Court possesses personal jurisdiction over each of the non-resident Defendants named herein pursuant to the provisions of the Louisiana Long-Arm Statute, La. R.S. 13:3201. Furthermore, this Court's exercise of personal jurisdiction over each named Defendant is consistent with the constitution of this state and of the Constitution of the United States of America.

8.     Venue is proper in the Eastern District of Louisiana as this is the geographic federal district where the wrongful, negligent, reckless, and/or strictly liable conduct of each Defendant

culminated in causing the fatal burn injuries on February 1, 2011, and subsequent death on February 3, 2011, as well as compensatory damages suffered by the decedent, Samuel N. Moyer, during an explosion of molten steel at the ArcelorMittal LaPlace, L.L.C. steel manufacturing facility located at 138 La. Highway 3217, LaPlace, Louisiana.

## FACTS OF THE MOLTEN STEEL EXPLOSION

9. On February 1, 2011, the decedent, Samuel N. Moyer, was carrying out his normal duties in the ArcelorMittal Laplace L.L.C.'s steel manufacturing mill in his capacity as furnace second helper. As second helper, Mr. Moyer's job included adding alloys, fluxes, and carbon to steel ladles prior to, during and after the furnace tapping process, which is the procedure of adding molten steel from the electric arc furnace to the steel ladle for additional metallurgical processing. On that date, after tapping, the steel ladle, identified as Ladle #4, was then moved to the tapping booth where second helper, Mr. Moyer, took the temperature of the molten steel in Ladle #4.

10. Before Ladle #4 could be removed on the EAF (Electric Arc Furnace) ladle transfer car to the next stage of the steel refining process, which is the Ladle Metallurgy Furnace (LMF), Mr. Moyer turned off the Argon stir. Argon gas stirring is the process conducted during and after the tapping and is used to mix the molten steel and the added alloys and fluxes in Ladle # 4.

11. After purging the Argon line, Mr. Moyer descended two flights of stairs to the EAF ladle car platform holding Ladle #4 in order to disconnect the Argon stir hose from Ladle #4. Before Mr. Moyer disconnected the stir hose, at approximately 9:30 p.m., Ladle #4 erupted in an exothermic reaction spewing approximately four tons of molten steel and slag at a temperature in excess of 2900° F onto Mr. Moyer.

12. During the molten steel eruption from Ladle #4, Mr. Moyer suffered catastrophic third degree burns to 100% of his body. The impact of the erupting molten steel knocked Mr. Moyer off of the stairway platform and down into an area between the ladle and the EAF ladle transfer car. In an attempt to escape the inferno, Mr. Moyer crawled underneath the ladle transfer car into the pit area of the facility where fellow employees rushed to his aid and used a jacket to put out the flames engulfing his body.

13. As a result of the molten steel explosion, and due to the concomitant wrongful, negligent, reckless, and/or strictly liable conduct of the Defendants, Samuel N. Moyer died approximately 30 hours, 8 minutes, and 35 seconds after the explosion on February 3, 2011 at 3:35 a.m.

14. Plaintiff, Roxanne Moyer, individually and on behalf of her decedent husband, Samuel N. Moyer, seeks all compensatory damages and relief for the wrongful death and survival of Samuel N. Moyer, which were directly, legally, and proximately caused by the wrongful, negligent, reckless, and/or strictly liable conduct of Defendants, Siemens VAI Services, L.L.C., *et als.,* Signal Metal Industries, Inc., Danieli Corporation, North American Refractories Company, Inc. and Black Diamond Capital Management L.L.C, as "manufacturers," as defined in La. R.S. 2800.53, and said Defendants are liable unto Plaintiff pursuant to the Louisiana Products Liability Act, La. R.S. 9:2800.51, *et seq.*, for the following reasons to wit:

## LIABILITY PURSUANT TO THE LOUISIANA PRODUCTS LIABILITY ACT, La. R.S. 9:2800.51, *et seq*.

### COUNT I:  SIEMENS VAI SERVICES, L.L.C, *ET ALS*.

15. Defendant, Siemens VAI Services, L.L.C., *et als.*, including Voest Alpine, Fuch's Systems, Korf-Fuchs Systems, Inc. and Siemens Worldwide, ["Siemens VAI"] designed and manufactured the steel ladle, which erupted on February 1, 2011, identified as Ladle #4, the ladle

4

transfer car upon which Ladle #4 was to be moved to the LMF station, and the ladle stir plugs and nest block assembly.

16. Plaintiff files this Complaint against Siemens VAI on the grounds that as the manufacturer of Ladle #4, the ladle transfer car, and ladle stir plugs and nest block assembly, these products were unreasonably dangerous in design (La. R.S. 9:2800.56); unreasonably dangerous in construction or composition (La. R.S. 9:2800.55); unreasonably dangerous because adequate warnings about the products had not been provided (La. R.S. 9:2800.57); and because the products did not conform to an express warranty of the manufacturer (La. R.S. 9:2800.58).

17. As a result of the wrongful, negligent, reckless, and strictly liable conduct on the part of Siemens VAI under the provisions of La. R.S. 9:2800.51, *et seq.*, Roxanne Moyer, individually and on behalf of her decedent husband, Samuel N. Moyer, seeks the following compensatory damages allowed by law, which were directly, legally, and proximately caused by the conduct of the Defendant:

    A. Survival Action Damages, on behalf of Samuel N. Moyer

        1. Conscious Physical Pain and Suffering;

        2. Conscious Mental Pain and Suffering;

        3. Medical Expenses;

        4. Funeral Expenses;

    B. Wrongful Death Damages, Roxanne Moyer

        1. Loss of Love;

        2. Loss of Affection;

        3. Loss of Services;

        4. Loss of Support;

    5. Loss of Society;

    6. Grief.

18. The Plaintiff is entitled to and demands a trial by jury.

19. The Plaintiff reserves the right to amend Count I as additional facts become known in the course of litigation.

  WHEREFORE, Plaintiff, Roxanne Moyer, individually and on behalf her decedent husband, Samuel N. Moyer, prays that the Defendant, Siemens VAI, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiff and against Defendant, Siemens VAI, for all sums reasonable in the premises, together with legal interest thereon from the date of judicial demand, until paid, for all costs of these proceedings and for all general and equitable relief.

## COUNT II:  SIGNAL METAL INDUSTRIES INC.

20. Defendant, Signal Metal Industries, Inc. ["Signal"] designed and manufactured the steel ladle, which erupted on February 1, 2011, identified as Ladle #4, the ladle transfer car upon which Ladle #4 was to be moved to the LMF station, and the ladle stir plugs and nest block assembly.

21. Plaintiff files this Complaint against Signal on the grounds that as the manufacturer of Ladle #4, the ladle transfer car, and ladle stir plugs and nest block assembly, these products were unreasonably dangerous in construction or composition (La. R.S. 9:2800.55); unreasonably dangerous in design (La. R.S. 9:2800.56); unreasonably dangerous because adequate warnings about the products had not been provided (La. R.S. 9:2800.57); and because the products did not conform to an express warranty of the manufacturer (La. R.S. 9:2800.58).

22. As a result of the wrongful, negligent, reckless, and strictly liable conduct on the part of Signal under the provisions of La. R.S. 9:2800.51, *et seq.*, Roxanne Moyer, individually and on behalf of her decedent husband, Samuel N. Moyer, seeks the following compensatory damages allowed by law, which were directly, legally, and proximately caused by the conduct of the Defendant:

    A. Survival Action Damages, on behalf of Samuel N. Moyer

        1. Conscious Physical Pain and Suffering;

        2. Conscious Mental Pain and Suffering;

        3. Medical Expenses;

        4. Funeral Expenses;

    B. Wrongful Death Damages, Roxanne Moyer

        1. Loss of Love;

        2. Loss of Affection;

        3. Loss of Services;

        4. Loss of Support;

        5. Loss of Society;

        6. Grief.

23. The Plaintiff is entitled to and demands a trial by jury.

24. The Plaintiff reserves the right to amend Count II as additional facts become known in the course of litigation.

    WHEREFORE, Plaintiff, Roxanne Moyer, individually and on behalf her decedent husband, Samuel N. Moyer, prays that the Defendant, Signal, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that

there be Judgment granted herein in favor of Plaintiff, and against Defendant, Signal, for all sums reasonable in the premises, together with legal interest thereon from the date of judicial demand, until paid, for all costs of these proceedings and for all general and equitable relief.

### COUNT III: DANIELI CORPORATION

25.     Defendant, Danieli Corporation ["Danieli"] designed and manufactured the steel ladle, which erupted on February 1, 2011, identified as Ladle #4, the ladle transfer car upon which Ladle #4 was to be moved to the LMF station, and the ladle stir plugs and nest block assembly.

26.     In addition, upon information and belief, Danieli manufactured the aforementioned products during its "turn-key" refurbishment, reconditioning, construction, fabrication and/or reconstruction of the electric arc furnace systems and LMF station at the ArcelorMittal LaPlace L.L.C. melt shop facility in 1999.

27.     Plaintiff files this Complaint against Danieli on the grounds that as the manufacturer of Ladle #4, the ladle transfer car, and ladle stir plugs and nest block assembly, these products were unreasonably dangerous in construction or composition (La. R.S. 9:2800.55); unreasonably dangerous in design (La. R.S. 9:2800.56); unreasonably dangerous because adequate warnings about the products had not been provided (La. R.S. 9:2800.57); and because the products did not conform to an express warranty of the manufacturer (La. R.S. 9:2800.58).

28.     As a result of the wrongful, negligent, reckless, and strictly liable conduct on the part of Danieli under the provisions of La. R.S. 9:2800.51, *et seq*., Roxanne Moyer, individually and on behalf of her decedent husband, Samuel N. Moyer, seeks the following compensatory damages allowed by law, which were directly, legally, and proximately caused by the conduct of the Defendant:

    A.  Survival Action Damages, on behalf of Samuel N. Moyer

    1. Conscious Physical Pain and Suffering;

    2. Conscious Mental Pain and Suffering;

    3. Medical Expenses;

    4. Funeral Expenses;

   B. Wrongful Death Damages, Roxanne Moyer

    1. Loss of Love;

    2. Loss of Affection;

    3. Loss of Services;

    4. Loss of Support;

    5. Loss of Society;

    6. Grief.

29. The Plaintiff is entitled to and demands a trial by jury.

30. The Plaintiff reserves the right to amend Count III as additional facts become known in the course of litigation.

  WHEREFORE, Plaintiff, Roxanne Moyer, individually and on behalf her decedent husband, Samuel N. Moyer, prays that the Defendant, Danieli, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiff, and against Defendant, Danieli, for all sums reasonable in the premises, together with legal interest thereon from the date of judicial demand, until paid, for all costs of these proceedings and for all general and equitable relief.

## COUNT IV: NORTH AMERICAN REFRACTORIES COMPANY, INC.

31. Defendant, North American Refractories Company, Inc. ["NARC"] designed and manufactured the steel ladle, which erupted on February 1, 2011, identified as Ladle #4, the ladle

transfer car upon which Ladle #4 was to be moved to the LMF station, and the ladle stir plugs and nest block assembly.

32. Plaintiff files this Complaint against NARC on the grounds that as the manufacturer of Ladle #4, the ladle transfer car, and ladle stir plugs and nest block assembly, these products were unreasonably dangerous in construction or composition (La. R.S. 9:2800.55); unreasonably dangerous in design (La. R.S. 9:2800.56); unreasonably dangerous because adequate warnings about the products had not been provided (La. R.S. 9:2800.57); and because the products did not conform to an express warranty of the manufacturer (La. R.S. 9:2800.58).

33. As a result of the wrongful, negligent, reckless, and strictly liable conduct on the part of NARC under the provisions of La. R.S. 9:2800.51, *et seq*., Roxanne Moyer, individually and on behalf of her decedent husband, Samuel N. Moyer, seeks the following compensatory damages allowed by law, which were directly, legally, and proximately caused by the conduct of the Defendant:

    A. Survival Action Damages, on behalf of Samuel N. Moyer
        1. Conscious Physical Pain and Suffering;
        2. Conscious Mental Pain and Suffering;
        3. Medical Expenses;
        4. Funeral Expenses;

    B. Wrongful Death Damages, Roxanne Moyer
        1. Loss of Love;
        2. Loss of Affection;
        3. Loss of Services;
        4. Loss of Support;

     5. Loss of Society;

     6. Grief.

34. The Plaintiff is entitled to and demands a trial by jury.

35. The Plaintiff reserves the right to amend Count IV as additional facts become known in the course of litigation.

WHEREFORE, Plaintiff, Roxanne Moyer, individually and on behalf her decedent husband, Samuel N. Moyer, prays that the Defendant, NARC, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiff, and against Defendant, NARC, for all sums reasonable in the premises, together with legal interest thereon from the date of judicial demand, until paid, for all costs of these proceedings and for all general and equitable relief.

### COUNT V: BLACK DIAMOND CAPITAL MANAGEMENT L.L.C.

36. Defendant, Black Diamond Capital Management L.L.C. ["Black Diamond"] designed and manufactured the steel ladle, which erupted on February 1, 2011, identified as Ladle #4, the ladle transfer car upon which Ladle #4 was to be moved to the LMF station, and the ladle stir plugs and nest block assembly in that as seller of the steel manufacturing facility to ArcelorMittal LaPlace, L.L.C. in 2008 Black Diamond exercised control over or influenced characteristics of the aforementioned products' design, construction, and/or quality, which ultimately caused Plaintiff's death and subsequent damages.

37. Plaintiff files this Complaint against Black Diamond on the grounds that as the manufacturer of Ladle #4, the ladle transfer car, and ladle stir plugs and nest block assembly, these products were unreasonably dangerous in construction or composition (La. R.S. 9:2800.55); unreasonably dangerous in design (La. R.S. 9:2800.56); unreasonably dangerous

11

because adequate warnings about the products had not been provided (La. R.S. 9:2800.57); and because the products did not conform to an express warranty of the manufacturer (La. R.S. 9:2800.58).

38. As a result of the wrongful, negligent, reckless, and strictly liable conduct on the part of Black Diamond under the provisions of La. R.S. 9:2800.51, *et seq.*, Roxanne Moyer, individually and on behalf of her decedent husband, Samuel N. Moyer, seeks the following compensatory damages allowed by law, which were directly, legally, and proximately caused by the conduct of the Defendant:

    A. Survival Action Damages, on behalf of Samuel N. Moyer

        1. Conscious Physical Pain and Suffering;

        2. Conscious Mental Pain and Suffering;

        3. Medical Expenses;

        4. Funeral Expenses;

    B. Wrongful Death Damages, Roxanne Moyer

        1. Loss of Love;

        2. Loss of Affection;

        3. Loss of Services;

        4. Loss of Support;

        5. Loss of Society;

        6. Grief.

39. The Plaintiff is entitled to and demands a trial by jury.

40. The Plaintiff reserves the right to amend Count V as additional facts become known in the course of litigation.

WHEREFORE, Plaintiff, Roxanne Moyer, individually and on behalf her decedent husband, Samuel N. Moyer, prays that the Defendant, Black Diamond, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiff, and against Defendant, Black Diamond, for all sums reasonable in the premises, together with legal interest thereon from the date of judicial demand, until paid, for all costs of these proceedings and for all general and equitable relief.

Respectfully Submitted,

**DAVIS, SAUNDERS, & MILLER, PLC**

BY:  */s/ Joseph M. Miller*
**JOSEPH M. MILLER #30636**
**BENJAMIN B. SAUNDERS #11733**
**CARISA GERMAN-ODEN #31463**
400 Mariners Plaza Drive, Suite 401
Mandeville, Louisiana  70448
Telephone: (985) 612-3070
Facsimile:  (985) 612-3072
**Attorneys for Plaintiff,**
*Roxanne Moyer, Individually and on Behalf of her Decedent Husband, Samuel N. Moyer*