# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROXANNE MOYER, INDIVIDUALLY** | * | **CIVIL ACTION NO: 2:11-3185** |
| **AND ON BEHALF OF HER DECEDENT** | * | |
| **HUSBAND, SAMUEL N. MOYER** | * | **SECTION: E** |
| | * | |
| **VERSUS** | * | **MAGISTRATE DIV.: 2** |
| | * | |
| **SIEMENS VAI SERVICES, L.L.C,** | * | |
| **SIGNAL METAL INDUSTRIES, INC.,** | * | **JURY TRIAL REQUESTED** |

**************************************************

---

## Joint Proposed Verdict Form

---

Follow the instructions carefully and answer each question that you are directed to

by a preponderance of the evidence:

## DEFENDANTS' PROPOSED JURY VERDICT FORM

**A.** **SIGNAL METAL ("SIGNAL METAL")**

1.    Do you find that the ladle manufactured by Signal Metal was unreasonably

dangerous in its design?

Yes_____    No_____

[IF YOU ANSWERED "NO" TO QUESTION NO. 1, PLEASE PROCEED TO
QUESTION NO. 3.  IF YOU ANSWERED "YES," PROCEED TO QUESTION
NO. 2]

2.     Do you find that Samuel Moyer sustained injury to which Signal Metal substantially contributed as a result of the unreasonably dangerous design of the ladle?

Yes_____     No_____

[IF YOU ANSWERED "NO," PROCEED TO SECTION "B".  IF YOU ANSWERED "YES" TO QUESTION NO. 2,  PROCEED TO QUESTION NO. 3]

**Plaintiff's Objection No. 2:**  Plaintiff objects to the "substantially contributed" language.  The Louisiana Civil Law Treatise and the parties jury charges on the LPLA design defect claims specifically use the terms "proximately caused."[1]

**Plaintiff's Alternative Submission:**  Plaintiff proposes that Question 2 be re-written to include proximate cause.  For example, Question 2 should read, "Do you find that the ladle's unreasonably dangerous design was a proximate cause of Samuel Moyer's injury?"

3.     Do you find that the ladle had an unreasonably dangerous characteristic of which Signal Metal failed to warn?

Yes_____     No_____

[IF YOU ANSWERED "NO," PROCEED TO SECTION "B." IF YOU ANSWERED "NO" TO BOTH QUESTIONS 1 AND 3 OR ANSWERED "NO" TO BOTH QUESTIONS 2 AND 3 YOU MUST ALLOCATE 0% FAULT TO SIGNAL METAL IN SECTION "C".  IF YOU ANSWERED "YES," PROCEED TO QUESTION NO. 3.]

**Plaintiff's Objection No. 3:** Plaintiff does not object to the wording of the question, but does indeed object to the Instruction that the jury should allocate "0% fault" to Signal in the event the jury answers No.

4.     Do you find that Samuel Moyer sustained injury to which Signal Metal substantially contributed as a result of Signal Metal's failure to provide an

---

[1] 18 La. Civ. Law Treatise § 11.02.

adequate warning?

Yes_____      No_____

[IF YOU ANSWERED "NO" TO QUESTIONS 1 AND 3, OR "NO" TO

QUESTIONS 1 AND 4, OR "NO" TO QUESTIONS 2 AND 3, OR "NO" TO

QUESTIONS 2 AND 4, YOU MUST ALLOCATE 0% FAULT TO SIGNAL

METAL IN SECTION C]


[PROCEED TO SECTION B]

**Plaintiff's Objection No. 4:**   Plaintiff objects to the Instruction that the jury should allocate "0% fault" to Signal in the event the jury answers No.   Plaintiff also adopts her Objection No. 2 regarding the use of "substantially contributed" versus "a proximate cause."

5.      Do you find that any unreasonably dangerous condition(s) of the ladle existed at

the time it left Signal Metal's control?

Yes_____      No_____

[IF YOU ANSWERED "NO," PROCEED TO SECTION "B" AND YOU MUST
ALLOCATE 0% FAULT TO SIGNAL METAL IN SECTION "C."  IF YOU
ANSWERED "YES", PROCEED TO  SECTION B]

**Plaintiff's Objection No. 5:**  Plaintiff adopts her objection above with regard to the instruction

to "allocate 0% fault."

B.  **SIEMENS INDUSTRY INC., LLC ("SIEMENS")**

6.      Do you find that the ladle transfer car rails embedded in the concrete floor were

integral to movement of the ladle transfer car?

Yes_____      No_____

[IF YOU ANSWERED "YES" PROCEED DIRECTLY TO QUESTION NUMBER 11.

IF YOU ANSWERED "NO" PROCEED TO QUESTION NO. 7]

**Plaintiff's Objection No. 6:**  Plaintiff objects on the grounds that this is a legal issue for the Court pending on summary judgment.  There is no factual dispute regarding the functions and characteristics of the ladle transfer car.  Given there are no factual disputes on the issue, the question of whether the ladle transfer car is an "improvement to an immovable" under the Louisiana Statute of Repose is a question of law for the Court.  *See* R. Doc. 153, *Plaintiff's Supplemental Memorandum.*

7.     Do you find from a preponderance of the evidence that Siemens designed and constructed the ladle transfer car for its own use in the mill between 1981 and 1986?

Yes_____     No_____

[IF YOU ANSWERED "YES," PROCEED DIRECTLY TO QUESTION NO. 11.  IF YOU ANSWERED "NO," PROCEED TO QUESTION NO. 8]

**Plaintiff's Objection No. 7:**   Plaintiff objects to the question because it also presents a legal issue for the Court that is currently pending on summary judgment.  There is no factual dispute that Siemens built the plant and then used it to process and manufacture steel.

8.     Do you find from a preponderance of the evidence that the ladle transfer car was defective in design at the time it left Siemens' control in 1986?

Yes_____     No_____

[IF YOU ANSWERED "NO," PROCEED DIRECTLY TO QUESTION NO. 11. IF YOU ANSWERED "YES," PROCEED TO QUESTION NO. 9]

9.     Do you find from a preponderance of the evidence that a defect in the ladle transfer car proximately caused Samuel Moyer's injuries?

Yes_____     No_____

[IF YOU ANSWERED "NO," PROCEED DIRECTLY TO QUESTION NO. 11. IF YOU ANSWERED "YES," PROCEED TO QUESTION NO. 10]

10.     Do you find that at the time the ladle transfer car left Siemens' control in 1986, it possessed a defect for which Siemens failed to warn and that such failure caused Samuel Moyer's injuries?

Yes_____        No_____

[ PROCEED TO QUESTION NO. 11]

11.     Do you find from a preponderance of the evidence that removing the argon stir station would cause substantial damage to the argon stir station or the steel mill floor?

Yes_____        No_____

[IF YOU ANSWERED "YES," PROCEED TO QUESTION NUMBER 16.  IF YOU ANSWERED "NO," PROCEED TO QUESTION NUMBER 12.]

**Plaintiff's Objection No. 11:**   Plaintiff adopts her Objection No. 6.

12.     Do you find from a preponderance of the evidence that Siemens designed and constructed the argon stir station for its own use in the mill between 1981 and 1986?

[IF YOU ANSWERED "YES," PROCEED DIRECTLY TO NUMBER 16. IF YOU ANSWERED "NO," PROCEED TO QUESTION NO. 13]

**Plaintiff's Objection No. 12:**  Plaintiff adopts her Objection No. 7.

13.     Do you find from a preponderance of the evidence that the argon stir station was defective in design at the time it left Siemens' control in 1986??

Yes_____        No_____

[IF YOU ANSWERED "NO," PROCEED DIRECTLY TO NO. 16. IF YOU

ANSWERED "YES," PROCEED TO QUESTION NO. 14]

14.     Do you find from a preponderance of the evidence that a defect in the argon stir station proximately caused Samuel Moyer's injuries?

Yes_____     No_____

[IF YOU ANSWERED "NO," PROCEED DIRECTLY TO NUMBER "16." IF YOU ANSWERED "YES," PROCEED TO QUESTION NO. 15]

15.     Do you find that at the time the argon stir station left Siemens' control in 1986, it possessed a defect for which Siemens failed to warn and that such failure caused Samuel Moyer's injuries.

Yes_____     No_____

[Proceed to No. 16]

16.     Do you find that Bayou Steel was a sophisticated purchaser or user?

Yes_____     No_____

17.     Do you find that ArcelorMittal LaPlace was a sophisticated purchaser or user?

Yes_____     No_____

18.     Do you find that Samuel Moyer sustained injury to which Bayou Steel Corporation substantially contributed as a result of its acts or omissions?

Yes_____     No_____

[IF YOU ANSWERED "YES," THEN YOU MUST ASSIGN A PERCENTAGE OF FAULT TO BAYOU STEEL CORPORATION IN SECTION "C." IF YOU ANSWERED "NO," THEN YOU MUST ENTER A "0%" FOR BAYOU STEEL CORPORATION IN SECTION "C."]

**Plaintiff's Objection No. 18:**     The inclusion of questions regarding non-parties will only serve to confuse the jury and unnecessarily re-direct their focus away from the LPLA claims and defenses that are at issue in this case.  The jury will have the opportunity to allocate fault as it

sees fit in the apportionment section of the verdict form.  Therefore, the question is redundant, confusing, and potentially misleading.   Plaintiff also objects to the use of "substantially contributed" and would submit it be substituted with "proximately caused" as previously stated.

19.     Do you find that Samuel Moyer sustained injury to which ArcelorMittal LaPlace substantially contributed as a result of its acts or omissions?

Yes_____     No_____

[IF YOU ANSWERED "YES," THEN YOU MUST ASSIGN A PERCENTAGE OF FAULT TO ARCELORMITTAL LAPLACE IN SECTION "C." IF YOU ANSWERED "NO," THEN YOU MUST ENTER A "0%" FOR ARCELORMITTAL LAPLACE IN SECTION "C."]

**Plaintiff's Objection No. 19:**  Plaintiff adopts her Objection No. 18.

20.     Do you find that Samuel Moyer sustained injury to which ArcelorMittal USA (LCNA) substantially contributed as a result of its acts or omissions?

Yes_____     No_____

[IF YOU ANSWERED "YES," THEN YOU MUST ASSIGN A PERCENTAGE OF FAULT TO ARCELORMITTAL USA (LCNA) IN SECTION "C." IF YOU ANSWERED "NO," THEN YOU MUST ENTER A "0%" FOR ARCELORMITTAL USA (LCNA) IN SECTION "C."]

**Plaintiff's Objection No. 20:**  Plaintiff adopts her Objection No. 18.

21.     Do you find that Samuel Moyer sustained injury to which North American Refractories Co. (NARCO) substantially contributed as a result of its acts or omissions?

Yes_____     No_____

[IF YOU ANSWERED "YES," THEN YOU MUST ASSIGN A PERCENTAGE OF FAULT TO NORTH AMERICAN REFRACTORIES CO. (NARCO) IN SECTION "C." IF YOU ANSWERED "NO," THEN YOU MUST ENTER A "0%" FOR NORTH AMERICAN REFRACTORIES CO. (NARCO) IN

SECTION "C."]

**Plaintiff's Objection No. 21:** Plaintiff adopts her Objection No. 18.

22.   Do you find that Samuel Moyer sustained injury to which North American Refractories Co. (NARCO) substantially contributed as a result of its acts or omissions?

Yes_____   No_____

[IF YOU ANSWERED "YES," THEN YOU MUST ASSIGN A PERCENTAGE OF FAULT TO NORTH AMERICAN REFRACTORIES CO. (NARCO) IN SECTION "C." IF YOU ANSWERED "NO," THEN YOU MUST ENTER A "0%" FOR NORTH AMERICAN REFRACTORIES CO. (NARCO) IN SECTION "C."]

**Plaintiff's Objection No. 22:** Plaintiff adopts her Objection No. 18.


[PROCEED TO SECTION "C"]


[REMAINDER OF THIS PAGE LEFT BLANK]

## C.   ALLOCATION OF FAULT/DAMAGES

23.   Please allocate on a percentage basis the degree of fault, if any, which you attribute to each of the following parties.  Please be careful to enter "0" or leave blank where you have found no fault on the part of that party in your previous answers.  All numerical percentages you enter in this question should add up to a total of 100%:

| | |
|---|---|
| Bayou Steel Corporation | _____% |
| ArcelorMittal LaPlace | _____% |
| ArcelorMittal USA (LCNA) | _____% |
| North American Refractories Co. (NARCO) | _____% |
| Signal Metal Industries | _____% |
| Siemens Industry Inc. | _____% |
| | **100%**       **(TOTAL)** |

**Plaintiff's Objection No. 23:**  At the outset, the Plaintiff objects to any entity being listed on the verdict from unless there is sufficient proof to justify that the entity is at fault, and that fault contributed to Mr. Moyer damages.  Otherwise, the entity should be removed from the form.

Plaintiff disputes that any entities other than the Defendants are at fault in this case. However, the trial evidence will clearly show that the following entities were not at fault and did not contribute to Mr. Moyer's injuries: North American Refractories and Arcelor Mittal USA (LCNA).

**Siemens' Objection No. 23:**  Siemens objects to the apportionment of fault section only in so far

as the form includes North American Refractories.  Siemens objects to their inclusion.

[PROCEED TO QUESTION NO. 24]

24.     Without considering the percentages of fault listed above, and without deducting any sums based on those percentages, what amount of damages, if any, do you find should be awarded with respect to each of the following claims:

Physical pain and suffering of Samuel Moyer:          $_____

Mental anguish and emotional distress of Samuel Moyer:     $_____

Loss of support and services for Roxanne Moyer:          $_____

Grief, loss of love and affection for Roxanne Moyer:          $_____

Medical and Funeral Expenses          $_____

Date_____          _____
                                          JURY FOREPERSON

<u>**PLAINTIFF'S PROPOSED JURY VERDICT FORM**</u>

Follow the instructions carefully and answer each question that you are directed to by a preponderance of the evidence.

**A.  Signal Metal Industries ("Signal Metal") Design Defect Claim- Ladle No. 4:**

   1.  Do you find that Ladle No. 4 manufactured by Signal Metal was unreasonably dangerous in its design and that was a proximate cause of Mr. Moyer's injuries?

   Yes _____                                          No _____

   If you answered Yes, proceed to Question 2.

   If you answered No, proceed to Question 3.

   2.  Do you find that the unreasonably dangerous condition(s) of Ladle No. 4 existed at the time it left Signal Metal's control?

   Yes _____                                          No _____

   Proceed to Question 3.

**B.  Signal Metal: Inadequate Warning Claim- Ladle No. 4:**

   3.  Do you find that Signal Metal failed to provide an adequate warning about an unreasonably dangerous characteristic of the ladle and that was a proximate cause of Mr. Moyer's injuries?

   Yes _____                                          No _____

   If you answered Yes, proceed to Question 4.

   If you answered No, Proceed to Question 6.

4.  Do you find that Bayou Steel was a sophisticated purchaser/user of the ladle?

Yes _____                          No _____

Proceed to Question 4.

5.  Do you find that ArcelorMittal LaPlace was a sophisticated purchaser/user of the ladle?

Yes _____                          No _____

Proceed to Question 6.

**C.  Siemens Industry Inc. ("Siemens") Design Defect Claim- Argon Stir Station Platform:**

6.  Do you find that the Argon Stir Station Platform manufactured by Siemens was unreasonably dangerous in its design and that was a proximate cause of Mr. Moyer's injuries?

Yes _____                          No _____

If you answered Yes, proceed to Question 6.

If you answered No, proceed to Question 8.

7.  Do you find that the unreasonably dangerous condition of the Argon Stir Station Platform existed at the time it left Siemens' control?

Yes _____                          No _____

**D.  Siemens Inadequate Warning Claim- Argon Stir Platform:**

8.  Do you find that Siemens failed to provide an adequate warning about an unreasonably dangerous characteristic of the Stir Station Platform and that was a proximate cause of Mr. Moyer's injuries?

Yes _____                          No _____

If you answered Yes, proceed to Question 9.

If you answered No, proceed to Question 11.

9.  Do you find that Bayou Steel was a sophisticated purchaser/user of the stir station platform?[2]

Yes _____                                         No _____

Proceed to Question 10.

10. Do you find that ArcelorMittal LaPlace was a sophisticated purchaser/user of the stir station platform?

Yes _____                                         No _____

Proceed to Question 11.

**E.  Siemens Design Defect Claim- Ladle Transfer Car**

11. Do you find that the Ladle Transfer Car manufactured by Siemens was unreasonably dangerous in its design and that was a proximate cause of Mr. Moyer's injuries?

Yes _____                                         No _____

If you answered Yes, proceed to Question 12.

If you answered No, proceed to Question 13.

12. Do you find that the unreasonably dangerous condition(s) of the Ladle Transfer Car existed at the time it left Siemens' control?

Yes _____                                         No _____

---

[2] In her Proposed Verdict Form, Plaintiff offers several questions regarding the sophisticated user defense. The Jury Charges instruct the jury that the Defendants are not required to provide an adequate warning if ArcelorMittal Laplace and Bayou Steel meet the standards of "sophisticated users/purchasers." Plaintiff submits that these questions "sophisticated user" may be redundant. The issue is implicitly covered in the initial question of whether the Defendants failed to provide an adequate warning. For example, the jury could find that Defendants have not failed to provide an adequate warning because the plant owners were "sophisticated users." Therefore, Plaintiff submits that the "sophisticated user" questions can be omitted from the form.

Proceed to Question 13.

**F.  Siemens Inadequate Warning Claim- Ladle Transfer Car**

13. Do you find that Siemens failed to provide an adequate warning about an unreasonably dangerous characteristic of the ladle transfer car and that was a proximate cause of Mr. Moyer's injuries?

Yes _____                              No _____

If you answered Yes, proceed to Question 14.

If you answered No, proceed to Section G entitled "Apportionment of Fault."

14. Do you find that Bayou Steel was a sophisticated purchaser/user of the stir ladle transfer car?

Yes _____                              No _____

Proceed to Question 15.

15. Do you find that ArcelorMittal LaPlace was a sophisticated purchaser/user of the ladle transfer car?

Yes _____                              No _____

Proceed to Section G.

**G.  Apportionment of Fault:**

**Follow these Instructions Carefully:[3]**

**Sections A-F above are separate and distinct claims under the law.  Each section must be viewed separately.  Plaintiff may recover if any of the claims are proven**

---

[3] Plaintiff concedes that the following instruction regarding the circumstances under which a jury may allocate fault to the Defendants' based on Plaintiff's separate claims may be confusing to jurors.  Plaintiff suggests that such instructions maybe unnecessary and that jurors could proceed to the fault allocation section without further instruction.  However, Plaintiff submits the instructions in "**BOLD**" if the Court finds that further instruction is necessary.

under the law.  Therefore, your answers to the questions in each of those sections will dictate whether you are allowed to assign a percentage of fault to the Defendants, Signal Metal and Siemens in Question 16 below.

 **Before Answering Question 16, you must read and follow these instructions very carefully.**

**Please turn to <u>Section A</u>:**

If *both* your Answers in Section A are Yes, then you may assign any percentage of fault (between 0% and 100%) to Signal Metal that you decide is appropriate based on the evidence.

If you answered No, to *either* Questions 1 or 2, then Signal Metal is not liable under that claim.  Therefore, I instruct that you may not assign a percentage of fault to Signal Metal *for that claim*.  However, Signal Metal may still be liable under Section B if Plaintiff has established those claims.

**Please turn to <u>Section B</u>:**

If you answered Yes to Question 3 *and* answered No to *either* Question 4 or 5, then you may assign any percentage of fault (between 0% and 100%) to Signal Metal that you decide is appropriate based on the evidence.

If you have answered No to Question 3, Signal Metal is not liable under that claim.  Therefore, I instruct that you may not assign a percentage of fault to Signal Metal *based on that claim*.  However, Signal Metal may still be liable under Section A if Plaintiff has established those claims.

If you answered Yes to Question 3 and also answered Yes to *both* Questions 4 and 5, Signal Metal is not liable under that claim.  Therefore, I

**instruct that you may not assign a percentage of fault to Signal Metal for that claim. However, Signal Metal may still be liable under Section A if Plaintiff has established those claims.**

**Please turn to <u>Section C:</u>**

**If *both* your Answers in Section C are Yes, then you may assign any percentage of fault (between 0% and 100%) to Siemens that you decide is appropriate based on the evidence.**

**If you answered No, to *either* Questions 6 or 7, then Siemens is not liable *under that claim*. Therefore, I instruct that you may not assign a percentage of fault to Siemens *for that claim*. However, Siemens may still be liable under Sections D, E, and F if Plaintiff has established those claims.**

**Please turn to <u>Section D:</u>**

**If you answered Yes to Question 8 *and* answered No to *either* Question 9 or 10, then you may assign any percentage of fault (between 0% and 100%) to Siemens that you decide is appropriate based on the evidence.**

**If you have answered No to Question 8, Siemens is not liable under that claim. Therefore, I instruct that you may not assign a percentage of fault to Siemens *based on that claim*. However, Siemens may still be liable under Sections C, E, and F if Plaintiff has established those claims.**

**If you answered Yes to Question 8 and also answered Yes to *both* Questions 9 and 10, Siemens is not liable under that claim. Therefore, I instruct that you may not assign a percentage of fault to Siemens based on**

that claim. However, Siemens may still be liable under Sections C, E, and F if Plaintiff has established those claims.

Please turn to <u>Section E</u>:

If *both* your Answers in Section E are Yes, then you may assign any percentage of fault (between 0% and 100%) to Siemens that you decide is appropriate based on the evidence.

If you answered No, to *either* Questions 11 or 12, then Siemens is not liable *under that claim*. Therefore, I instruct that you may not assign a percentage of fault to Siemens *for that claim*. However, Siemens may still be liable under Sections C, D, and F if Plaintiff has established those claims.

Please turn to <u>Section F</u>:

If you answered Yes to Question 13 *and* answered No to *either* Question 14 or 15, then you may assign any percentage of fault (between 0% and 100%) to Siemens that you decide is appropriate based on the evidence.

If you have answered No to Question 13, Siemens is not liable under that claim. Therefore, I instruct that you may not assign a percentage of fault to Siemens *based on that claim*. However, Siemens may still be liable under Sections C, D, and E if Plaintiff has established those claims.

If you answered Yes to Question 13 and also answered Yes to *both* Questions 9 and 10, Siemens is not liable under that claim. Therefore, I instruct that you may not assign a percentage of fault to Siemens based on that claim. However, Siemens may still be liable under Sections C, D, and E if Plaintiff has established those claims.

16. If you find that any or all of the parties or non-parties below were negligent, then express in terms of a percentage of fault attributable to each:

| | |
|---|---|
| Signal Metal: | _____% |
| Siemens: | _____% |
| Bayou Steel | _____% |
| Arcelor Mittal LaPlace | _____% |
| **Total Must Equal** | 100% |

Proceed to Question 17.


**H.  Damages:**

17. Without considering the percentages of fault listed above, and without deducting any sums based on those percentages, what amount of money will fairly and adequately compensate the Plaintiff as a result of the injury Samuel Moyer sustained in this accident?

$_____Physical Pain and Suffering, Samuel Moyer

$_____Mental Pain and Suffering, Samuel Moyer

$_____Loss of Financial Support and Services, Roxanne Moyer

$_____Grief, Loss of Love and Affection, Roxanne Moyer

$_____Medical and Funeral Expenses

So say we all this ___ day of July, 2013

_____

Foreperson

## **Defendants' Joint Objection to Plaintiff's Proposed Verdict Form:**

The Defendants jointly objects to Plaintiff's proposed verdict form and submits that the Defendants' proposed form is more appropriate under the law applicable to this case. Louisiana law is clear that the causation standard when there are more than one tortfeasor is "substantial contributing factor" and not proximate cause.[4]   In addition, the instructions given in Defendants' proposed form are more concise and direct whereas those set forth in Plaintiff's form are confusing and misleading.   Further, under the LPLA, the determinations of an unreasonably dangerous product (whether by design or for failure to warn) and causation are separate and distinct elements of proof that require separate findings by the jury as set forth in Defendants' proposed form.   Finally, the inclusions of instructions on fault findings of non-parties as set forth in Defendants' proposed form provide a more accurate foundation for any fault the jury may so allocate.   As such,

---

[4] If there is more than one cause of injury, "a defendant's conduct is a cause-in-fact if it is a substantial factor generating plaintiff's harm." *Rando v. Anco Insulations, Inc*., 08–1163, 08–1169, (La.5/22/09), 16 So.3d 1065, 1088; *Perkins v. Entergy Corp*., 2000-1372 (La. 3/23/01) 782 So. 2d 606, 611-12 (citing *Jones v. Hawkins*, 98-1259, 98-1288, (La.3/19/99), 731 So.2d 216, 220; *Rick v. State, Dept. of Transp. and Development*, 93 1776, 93-1784, (La.1/14/94), 630 So.2d 1271, 1275; *Dixie Drive It Yourself System v. American Beverage Co.*, 137 So.2d 298 (La. 1962)). To satisfy the substantial factor test, the plaintiff must prove by a preponderance of the evidence that the defendant's conduct was a substantial factor bringing about the complained of harm. *Perkins v. Entergy Corp*., 782 So. 2d at 611-12 (*citing Dabog v. Deris*, 625 So.2d 492, 493 (La.1993)); see also *Bonin v. Ferrellgas, Inc.*, 2003-3024 (La. 7/2/04) 877 So. 2d 89, 94*; In re Katrina Canal Breaches Consol. Litig.*, 05-4182, 2009 WL 1033783 (E.D. La. 4/15/09) (Not reported in F.Supp. 2d) (citing *Ferrellgas and Perkins, supra*); *Hutto v. McNeil-PPC, Inc*., 79 So. 3d 1199, 1213 (La. App. 3d Cir. 2011), reh'g denied (Jan. 18, 2012), writ denied, 86 So. 3d 628 (La. 2012) and cert. denied, 133 S. Ct. 428 (U.S. 2012) (applying standard in product liability case); *Adams v. Owens-Corning Fiberglas Corp*., 2004-1589 (La. App. 1st Cir. 9/23/05) 923 So. 2d 118, 122 writ denied sub nom. *Adams v. Owens-Corning Fiberglass Corp*., 925 So. 2d 519 (La. 2006) ("Asbestos cases typically involve multiple defendants and courts have analyzed the cases under concurrent causation, a doctrine which proceeds from the assumption that more than one defendant substantially contributed to the plaintiff's injury.") (citing Vodanovich v. A.P. Green Indus., Inc., 03-1079 (La.App. 4th Cir.3/3/04), 869 So.2d 930, 932).

Signal Metal and Siemens submit that the Defendants' proposed verdict form should be utilized in this matter, at least in so far as the instructions pertain to Signal Metal, Siemens, and non-parties.

Respectfully submitted,

**DAVIS, SAUNDERS & MILLER, PLC**

/s/ *Joseph M. Miller*

**JOSEPH M. MILLER (#30636)**
**BENJAMIN B. SAUNDERS (#11733)**
**CARISA GERMAN-ODEN (#31463)**
400 Mariners Plaza Drive, Suite 401
Mandeville, LA 70448
Telephone:     (985) 612-3070
Facsimile:      (985)612-3072
**Attorneys for Plaintiff, Roxanne Moyer et al.**


**DUPLASS, ZWAIN, BOURGEOIS,**
**PFISTER & WEINSTOCK**

s/ *Kevin R. Derham*

**DAVID J. BOURGEOIS #1722**
**ANDREW D. WEINSTOCK, TA, #18495**
**KEVIN R. DERHAM, TA #27163**
**ERZSEBET M. PIFKO #33315**
3838 North Causeway Blvd., Suite 2900
Metairie, Louisiana 70002
TELEPHONE:  (504) 832-3700
FACSIMILE:  (504) 837-3119
davidb@duplass.com, aweinstock@duplass.com
kderham@duplass.com, epifko@duplass.com
**Counsel for Defendant, Signal Metal Industries, Inc.**


**LITTLETON JOYCE UGHETTA PARK & KELLY**

/s/ *Joseph Lipari*

**JOSEPH LIPARI, T.A. (*Pro Hac Vice*)**
**ROBERT KELLY (*Pro Hac Vice*)**

39 Broadway, 34th Floor
New York, New York
Telephone: (212) 404-5777
Facsimile: (212) 232-0088
E-mail joseph.lipari@littletonjoyce.com
**Counsel for Defendant Siemens Industry Inc.**

**CHOPIN WAGAR RICHARD & KUTCHER, L.L.P.**

*/s/ Nelson W. Wagar*
_____

**NELSON W. WAGAR #13136**
Two Lakeway Center, Suite 900
3850 North Causeway Blvd.
Metairie, Louisiana 70002
Telephone: (504) 830-3838
Facsimile: (504) 836-9540
E-mail: cwagar@chopin.com
**Counsel for Defendant Siemens Industry Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of June 2013, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of filing to counsel of record.

/s/ *Joseph M. Miller*
_____

**JOSEPH M. MILLER**