# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**ROXANNE MOYER,**  **CIVIL ACTION**
   **Plaintiff**

**VERSUS**  **No. 11-3185**

**SIEMENS VAI SERVICES, LLC, et al.,**  **SECTION "E"**
   **Defendants**

## ORDER AND REASONS

Before the Court is a motion for reconsideration[1] filed by defendant Siemens Industry, Inc. ("Siemens"). Siemens seeks reconsideration of the Court's Order of June 28, 2013 (the "June 28 Order"),[2] in which the Court denied motions for summary judgment filed by Siemens and Siemens' co-defendant Signal Metal Industries, Inc. ("Signal").[3] Plaintiff opposes Siemens' motion for reconsideration.[4]

## BACKGROUND

Among other things, Siemens contends in its motion for summary judgment that the undisputed facts demonstrate the Louisiana statute of repose, LA. REV. STAT. ANN. § 9:2772, applies in this case, and thus Siemens is entitled to judgment as a matter of law that Plaintiff's claims are barred by the statute. The Court rejected this contention finding that, because Siemens is not a contractor, the statute does not apply. In its motion for reconsideration, Siemens argues that the Court's ruling on the statute of repose issue was

---

[1] R. Doc. 230.

[2] R. Doc. 195.

[3] *See* R. Doc. 91 (Signal's motion for summary judgment); R. Doc. 92 (Siemens' motion for summary judgment).

[4] R. Doc. 233.

1

a clear error of law. Siemens requests that the Court reconsider the June 28 Order and find that Plaintiff's claims are barred by the statute of repose as a matter of law.

## ANALYSIS

A timely filed motion to reconsider an interlocutory order is evaluated under the same standard as a motion to alter or amend a final judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See, e.g. Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at * 3–4 (E.D. La. Apr. 5, 2010) ("The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment."). A Rule 59(e) motion must be filed within twenty-eight days of the entry of judgment to be considered timely.[5] *See* FED. R. CIV. P. 54(b). Siemens' motion for reconsideration was filed within this twenty-eight day window, so the Court evaluates the motion under the standards applicable to Rule 59(e) motions.

A Rule 59(e) motion calls into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations and internal quotations

---

[5] A motion to reconsider filed outside this twenty-eight day window is evaluated under the standards governing a motion for relief from final judgment under Rule 60(b). *Stangel v. United States*, 68 F.3d 857, 859 (5th Cir. 1995) ("[a]lthough motions for reconsideration or rehearing are typically treated as FED. R. CIV. P. 59(e) motions, motions for reconsideration or rehearing served more than [28] days after the judgment are generally decided under Rule 60(b)"); *see also Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012) (depending on the time of filing, a motion to reconsider "is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)").

omitted). In deciding motions under Rule 59(e), the Court considers the following:

> (1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;
>
> (2) whether the movant presents new evidence;
>
> (3) whether the motion is necessary in order to prevent manifest injustice; and
>
> (4) whether the motion is justified by an intervening change in the controlling law.

*Castrillo*, 2010 WL 1424398, at *4. "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *SPE FO Holdings, LLC v. Retif Oil & Fuel, LLC*, No. 07–3779, 2008 WL 3285907, at *3 (E.D. La. Aug. 6, 2008). "A district court has considerable discretion to grant or deny a motion for new trial under Rule 59." *Kelly v. Bayou Fleet, Inc.*, No. 06–6871, 2007 WL 3275200, at *1 (E.D. La. Nov. 6, 2007).

As explained above, Siemens' only basis for reconsideration of the June 28 Order is that the Court's ruling on the statute of repose was a clear or manifest error of law.[6] The issue was extensively briefed and argued by Siemens and Plaintiff, and the Court has already considered and rejected Siemens' arguments. Siemens' motion for reconsideration simply rehashes those arguments and asks that the Court reach a different result. Siemens' motion for reconsideration cites no new case law and presents no new legal argument. The Court finds that Siemens' attempt to relitigate this issue at the eleventh hour is an inappropriate use of the Court's and opposing counsel's time. *See SPE FO Holdings,* LLC,

---

[6] Siemens has not attempted to present any new evidence, to demonstrate any manifest error of fact, to demonstrate that failure to reconsider the June 28 Order would result in manifest injustice, or to demonstrate that reconsideration is justified by an intervening change in the controlling law.

3

2008 WL 3285907, at *3. The Court, in its discretion, denies Siemens' request to reconsider the June 28 Order.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Siemens' motion for reconsideration be and hereby is **DENIED.**

New Orleans, Louisiana, this __9th__ day of July, 2013.

                                          _____
                                              **SUSIE MORGAN**
                                **UNITED STATES DISTRICT JUDGE**