UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROXANNE MOYER, INDIVIDUALLY** | \* | **CIVIL ACTION NO. 11-3185** |
| **AND ON BEHALF OF HER DECEDENT** | \* | |
| **HUSBAND, SAMUEL N. MOYER** | \* | **SECTION: E** |
| | \* | |
| **VERSUS** | \* | **JUDGE MORGAN** |
| | \* | |
| **SIEMENS VAI SERVICES, L.L.C., ET ALS.,** | \* | **MAGISTRATE WILKINSON** |
| **SIGNAL METAL INDUSTRIES, INC.,** | \* | |
| **DANIELI CORPORATION, NORTH** | \* | **JURY TRIAL REQUESTED** |
| **AMERICAN REFRACTORIES CO. & BLACK** | \* | |
| **DIAMOND CAPITAL MANAGEMENT,L.L.C.** | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF SIGNAL METAL INDUSTRIES, INC.'S MOTION TO ASSESS TAXABLE COSTS**

**MAY IT PLEASE THE COURT:**

Signal Metal Industries, Inc. ("Signal Metal") respectfully submits the following Memorandum in Support of its Motion to Assess Taxable Costs:

**I.     BACKROUND**

The above matter commenced to trial before a jury on July 15, 2013. After five (5) days of trial, the jury returned a verdict in favor of Signal Metal Industries, Inc. (as well as in favor of co-defendant, Siemens Industry, Inc.) on July 19, 2103. This Honorable Court entered Judgment on the jury verdict on July 19, 2013, dismissing with prejudice all claims by the plaintiff, Roxanne Moyer, individually and on behalf of her decedent husband, Samuel N. Moyer, against Signal Metal Industries, Inc. and Siemens Industry, Inc.  (Rec. Doc. 246).

A.  **Authority for Assessment of Costs**

The taxing of costs rests in the sound discretion of the trial court and will not be disturbed on appeal except in case of abuse of such discretion.  See *U.S. Marshals Service v. Means*, 741 F.2d 1053 (8th Cir. 1984); and *State of Illinois v. Sangamo Construction Co*., 657 F.2d 855 (7th Cir. 1981).  Pursuant to Federal Rule of Civil Procedure 54(d), costs ". . . should be allowed to the prevailing party." Fed. Rule Civ. Proc. 54(d).  In this vein, federal law provides that "a judge or clerk of any court of the United States may tax as costs the following: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under section [28 U.S.C.A. 1923]; (6)compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section [28 U.S.C.A. 1828]."  28 U.S.C.A. 1920.  The Uniform Local Rules allow that "within thirty-five (35) days after receiving notice of entry of judgment . . .the party in whose favor judgment is rendered and who claims and is allowed costs, shall serve on the attorney for the adverse party and file with the clerk a notice of application to have the costs taxed, together with a memorandum signed by the attorney of record stating that the items are correct and that the costs have been necessarily incurred." Uniform District Court Rules, Local Civil Rule LR 54.3.

This case presented significant and complex issues pertaining to the steel making process that unfortunately cost Samuel Moyer his life.  To defend the allegations against it, Signal Metal was required to present a case that explained to the jury issues of product design, industry knowledge and steel-making operations.  In so doing, Signal Metal was forced to conduct and attend the depositions of numerous steel plant employees, co-workers of Mr. Moyer and experts

in the fields of steel-making and design engineering. These depositions were obtained for and necessary for the preparation by Signal Metal of pre-trial motions (including Motions for Summary Judgment under the Louisiana Products Liability Act (La. R.S. 9:2800.51 (et seq), motions *in limine* to exclude Plaintiff's expert, Frank Dietrich, as well as to exclude or limit certain evidence at trial) as well as trial itself. Some of this testimony had to be presented by way of deposition due to the unavailability of the witnesses for trial (i.e. Greg Irby, Gary Lefko, and Johannes Rosner). There were also incurred significant costs for the reproduction of records, investigation reports, transcripts, pleadings and party disclosures (which exceeded several thousand pages).

While Signal Metal's Motion for Summary Judgment was denied, the motions to exclude Plaintiff's expert, Frank Dietrich, and several evidentiary motions were successful. (R. Docs. 210 (Order granting in part and denying in part Motion *in Limine* to Exclude Frank Dietrich), 197-198 (Orders granting in part and denying in part Signal Metal's and Plaintiff's Motions *in Limine* to Exclude Certain Evidence), and 223 (Order on Joint Objections)). In addition, after trial by jury for a week, the jury not only assigned no fault or liability to Signal Metal but, in fact, based on the case presented by Signal Metal the jury assigned all fault to the plant owner/employer and/or parent company. (R. Doc. 245-3 (Jury Verdict Form)). This result would not have been achieved but for the efforts undertaken and costs expended on behalf of Signal Metal in defending the case against it.

**B. Costs Taxable**

The costs sought by Signal Metal are those allowed by law under the Federal Rules of Civil Procedure, Federal statutes and/or Federal jurisprudence interpreting and applying same.

1. Depositions[1]

The recovery as taxable costs those costs incurred for the taking and/or procuring of depositions has been well settled.  Depositions are considered to be reasonably necessary for use in the case, thereby allowing for the assessment as taxable costs the costs incurred in taking same, if, at the time they were taken it could be reasonably expected that the deposition would be used for trial preparation rather than merely for discovery or mere convenience of counsel.  See *Fogleman v. ARAMCO*, 920 F.2d 278 (5th Cir. 1991).  Costs for depositions, including the obtaining of transcripts of same, court reporter and videographer expenses and witness fees and expenses (expert and fact), are properly taxed as costs in favor of the prevailing party.  See e.g. *Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Authority*, 133 F.R.D. 481 (E.D. La. 1990) (costs for 56 depositions allowed where many witnesses resided beyond subpoena power of jurisdiction, witnesses' testimony explained documents used at trial, quotations from depositions were used during trial presentations, and where all but four of the witnesses were listed as potential witnesses at trial); *Bendis v. Alexander and Alexander, Inc.,* 905 F.Supp. 963 (D.Kan. 1995) (copies of depositions taxable as costs against plaintiffs and in favor of prevailing defendant where depositions were used for impeachment and trial examination purposes); *Griffith v. Mt. Carmel Medical Center*, 157 F.R.D. 499 (D.Kan. 1994) (costs of depositions properly taxed where subject matter of case was sufficiently complex and depositions assisted prevailing party to conduct thorough and effective cross-examinations and to focus on the issues, and where many expert witnesses testified who had different and competing opinions – use of depositions was reasonably necessary and not merely a convenience to counsel); and *Chemical Bank v. Kimmel*, 68 F.R.D. 679 (D.C. Del. 1975) (deposition costs properly taxed against

---

[1] Where noted, costs associated with court reporter, videographer, witness deposition fee for Plaintiff experts for whom payment was required for deposition by Signal Metal Industries, Inc., video/transcript synchronization and deposition cuts for presentation at trial by video of certain witnesses are itemized.

plaintiff in favor of prevailing defendant for costs of expert depositions where depositions were used by defendant not only for cross examination of plaintiff experts but also for preparation of direct examination of defendant's experts). In addition, it is not necessary that the deposition transcript be admitted into evidence for the costs of same to be taxed in favor of the prevailing party. See e.g. *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales*, 729 F.2d 1530 (5th Cir. 1984); *Firemen's Fund Ins. Co. v. Standard Oil Co. of California*, 339 F.2d 148 (9th Cir. 1964); *Advance Business Systems & Supply Co. v. SCM Corp.*, 287 F.Supp. 143 (D.C. Md. 1968). Finally, travel expenses and fees associated with trial attendance of defense expert witnesses whom plaintiff had deposed are taxable as costs. See *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63 (5th Cir. 1994).

As stated above, the trial (and preparation for trial) of this matter was extensive and involved highly complicated and important legal issues. The jury heard the testimony of numerous witnesses, many of whom were necessary to explain documents used at trial, theories of the plaintiff's or defendant's case, and/or to provide the factual background of the case. In defense of the claims against it, Signal Metal procured deposition testimony and trial testimony from numerous fact and expert witnesses. Indeed, defendants' doing so gave rise to significant pre-trial motion practice in the forms of dispositive motions, *Daubert* motions and motions *in limine* to narrow the issues for trial. These depositions, as set forth below, even if not admitted into evidence, were necessarily taken (and the associated costs incurred) for use in the case and not for mere discovery or convenience purposes. Uses of these depositions included but were not limited to the preparation for subsequent depositions of other witnesses, preparation of direct/cross examination of expert and fact witnesses, opening/closing statements, use of exhibits

and documents at trial and/or for pre-trial motion practice that clarified issues for trial and/or resulted in the exclusion of inadmissible evidence.

The deposition costs associated with witnesses in this case (fact and expert) are as follows for which Signal Metal Industries, Inc. seeks to have assessed as taxable costs against Plaintiff:[2]

    a.    Frank E. Dietrich, DH Consulting, Inc. (Plaintiff expert who testified live at trial regarding metallurgical and steel-making and process engineering)

        1.    Deposition transcript - $1,463.50

    b.    Frank Wisniewski (Defense expert in steel-making operations who was deposed and retained for rebuttal of Plaintiff expert Frank Dietrich)

        1.    Deposition transcript - $331.00
        2.    Trial attendance expenses and fees[3] - $889.82

    c.    Matthew Nousak (Defense expert in design engineering who was deposed and retained for rebuttal of Plaintiff expert Frank Dietrich)

        1.    Deposition transcript - $323.50
        2.    Trial attendance expenses and fees - $888.42

    d.    John L. Henshaw (Defense expert in employee/workplace safety to rebut Plaintiff expert Frank Dietrich)

        1.    Deposition transcript - $201.10

    e.    Bill King (fact witness, testified live at trial)

        1.    Deposition transcript - $481.00

    f.    Larry Taylor (fact witness, testified live at trial)

        1.    Deposition transcript - $481.00

---

[2]    Attached as "in globo" exhibits are the following:
Exhibit 1: Deposition cost invoices (transcript, synch, etc…)
Exhibit 2: Defense expert trial attendance expenses/fees invoices

[3]    Expert trial attendance expenses/fees included reflect only one night hotel accommodations and round-trip economy class airfare.

g. Mike Blessing (fact witness)

1. Deposition transcript - $481.00

h. Bryan Richoux (fact witness, testified live at trial)

1. Deposition transcript - $481.00

i. William Mann (fact witness - called live at trial by Plaintiff)[4]

1. Deposition transcript - $218.00

2. Hotel - 7/7/13 - $225.87

3. Hotel - 7/14/13 - 7/15/13 - $225.74

4. Airfare - $558.80

j. Ed Dee (fact witness, called live at trial by Plaintiff)

1. Deposition transcript - $516.00

2. Hotel - 7/7/13 - $225.87

3. Hotel - 7/14/13 - 7/15/13 - $225.74

4. Airfare - $558.80

k. Ryan Robinson (Signal Metal corporate representative)

1. Hotel - 7/7/13 - $225.87

2. Hotel - 7/14/13 - 7/18/13 - $877.97

3. Airfare - $1,099.60

l. Peter Wimmer (Siemens' corporate representative witness, testified live at trial)

1. Deposition video and transcript - $854.50

m. Johannes Rosner (Siemens' witness, testified by video deposition)

---

[4] Hotel invoices for Signal Metal employees William Mann, Ed Dee and Ryan Robinson reflect hotel payments made for the original trial date of July 8, 2013 that was not continued until the afternoon of July 7, 2013 as well as their respective stays for trial that commenced July 15, 2013. See Exhibit "3", Signal Metal Employee Invoices.

1. Deposition, video and transcript - $377.50

n. Blaine Ockerman (fact witness, testified live at trial)

1. Deposition transcript - $355.63

o. Gary Lefko (ArcelorMittal LCNA corporate representative, testified by deposition)

1. Deposition transcript - $355.63

p. Gregory Irby (fact witness, testified by deposition)

1. Deposition transcript - $252.63

q. Jessie Cheramie (fact witness, testified live at trial)

1. Deposition transcript - $252.62

r. Roxanne Moyer (fact witness, testified live at trial)

1. Deposition transcript - $355.62

s. Wendy Stehling (fact witness)

1. Deposition transcript - $355.62

t. Richard Fruehan (Siemens' expert, testified live at trial)

1. Deposition transcript - $330.70

u. Hewlett Wayne Simmons (fact witness, testified live at trial)

1. Deposition transcript - $232.00

v. Stuart Brown (Siemens' expert witness)

1. Deposition transcript - $285.40

w. Ana Depuy (medical witness, testified by video deposition)

1. Deposition, video and transcript - $115.00

**Totals for Deposition Costs, Plaintiff Expert Deposition Fees and Defense Expert Trial Attendance Expenses and Fees:**

1. Deposition costs: $9,099.95

    2.      Defense expert trial attendance expenses: $1,778.24

    3.      Signal Metal employee trial attendance expenses: $4,224.26

**2.**    **Copy and Exemplification Costs**

    a.      Medical Records[5] - $326.43

    b.      Copy/Exemplification Costs - $10,501.28[6]

    c.      Daily Trial Transcripts - $5,685.46[7]

**C.**    **Conclusion**

Wherefore, Signal Metal Industries, Inc. respectfully asks that the following costs be assessed against Plaintiff and in favor of Signal Metal Industries, Inc.:

    1.      Deposition costs: $9,099.95

    2.      Defense expert trial attendance expenses and fees: $1,778.24

    3.      Signal Metal employees trial attendance expenses: $4,224.26

    4.      Medical records: $326.43

    5.      Copies: $10,501.28

    6.      Daily trial transcripts: $5,685.46

**TOTAL**: $31,615.62

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

---

[5]   See Exhibit 4 – Medical Records invoice "in globo."

[6]   See Exhibit 5 – Copy/exemplification invoices "in globo."

[7]   See Exhibit 6 – Trial Transcript costs "in globo." The obtaining of daily trial transcript costs were necessary for effective cross and direct examinations as well as closing arguments in this case and should be properly taxed as costs. See *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63 (5th Cir. 1994); *Machesney v. Larry Bruni, M.D.*, 905 F.Supp 1122 (D.D.C. 1995); *Bass v. Spitz*, 522 F.Supp 1343 (S.D.N.Y. 1995); *U.S. v. Bexar County*, 89 F.R.D. 391 (W.D. Tex. 1981).

        s/ Kevin R. Derham

_____
**DAVID J. BOURGEOIS #1722**
**ANDREW W. WEINSTOCK #18495**
**KEVIN R. DERHAM #27163**
**ERZSEBET M. PIFKO #33315**
3838 North Causeway Blvd., Suite 2900
Metairie, Louisiana 70002
TELEPHONE:  (504) 832-3700
FACSIMILE:  (504) 837-3119
davidb@duplass.com
andreww@duplass.com
kderham@duplass.com
epifko@duplass.com
**Counsel for Defendant, Signal Metal Industries, Inc.**

## C E R T I F I C A T E

I hereby certify that on the 13th day of August, 2013, a copy of the foregoing Memorandum in Support of Signal Metal Industries, Inc.'s Motion to Assess Taxable Costs was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

        s/Kevin R. Derham
        _____
        KEVIN R. DERHAM