## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROXANNE MOYER, INDIVIDUALLY** | * | **CIVIL ACTION NO: 2:11-3185** |
| **AND ON BEHALF OF HER DECEDENT** | * | |
| **HUSBAND, SAMUEL N. MOYER** | * | **SECTION: E** |
| | * | |
| **VERSUS** | * | **MAGISTRATE DIV.: 2** |
| | * | |
| **SIEMENS VAI SERVICES, L.L.C,** | * | |
| **SIGNAL METAL INDUSTRIES, INC.,** | * | **JURY TRIAL REQUESTED** |
| **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*** | | |

## MOTION FOR NEW TRIAL

MAY IT PLEASE TO THE COURT:

Plaintiff, Roxanne Moyer, individually, and on behalf of her, decedent husband Samuel N. Moyer, respectfully moves the Court pursuant to the provisions of Federal Rules of Civil Procedure 59 (a) and 51 (d) (2) to grant a new trial. Plaintiff's requested relief is appropriate because the Court's Jury Instructions[1] and Jury Verdict Form,[2] when viewed as a whole, created juror confusion when rendering the Verdict at the close of trial on July 19, 2013.

Namely, the composition and wording of the Verdict Form and Jury Instructions as a whole likely led to juror confusion. The Charge and Verdict Form instructed the jury to allocate fault to non-parties and then calculate damages, in the amount of $2.6 million dollars, after the jury had checked "No" regarding Plaintiff's claims under the Louisiana Product Liability Act. The fault allocation and damages calculations were carried out by the jury unnecessarily, which must have caused juror confusion.

---

[1] R.Doc. 247, Jury Instruction Read to Jury.
[2] R. Doc. 245-3, Jury Verdict, July 19, 2013.

In essence, the Charge and Verdict Form misled the jury to render a verdict of $2.6 million against the non-parties, ArcelorMittal USA, ArcelorMittal Laplace, and Bayou Steel. Given the immunity of these entities/statutory employers under Louisiana Workers Compensation laws, such a verdict could never be collected. Requiring the jury to engage in fault allocation and damages calculations unnecessarily taints the verdict form and jury charge as a whole. Therefore, a New Trial is warranted.

Therefore, as fully discussed in the accompanying Memorandum in Support, Plaintiff respectfully requests that her New Trial be granted.

Respectfully submitted:

**DAVIS, SAUNDERS & MILLER, PLC**

*/s/ Benjamin B. Saunders, Esq.*

**JOSEPH M. MILLER, TA, #30636**
**BENJAMIN B. SAUNDERS #11733**
**CARISA GERMAN-ODEN #31463**
400 Mariners Plaza Drive, Suite 504
Mandeville, Louisiana  70448
Telephone: (985) 612-3070
Facsimile:  (985)612-3072
E-mail: jmiller@davissaunders.com
**Attorneys for Plaintiff, Roxanne Moyer, et al.**

## CERTIFICATE OF SERVICE

I do hereby certify that on this 13th day of August 2013, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Benjamin B. Saunders, Esq.*
BENJAMIN B. SAUNDERS

2