UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROXANNE MOYER, INDIVIDUALLY** | * | **CIVIL ACTION NO: 2:11-3185** |
| **AND ON BEHALF OF HER DECEDENT** | * | |
| **HUSBAND, SAMUEL N. MOYER** | * | **SECTION: E** |
| | * | |
| **VERSUS** | * | **MAGISTRATE DIV.: 2** |
| | * | |
| **SIEMENS VAI SERVICES, L.L.C,** | * | |
| **SIGNAL METAL INDUSTRIES, INC.,** | * | **JURY TRIAL REQUESTED** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION FOR NEW TRIAL

MAY IT PLEASE THE COURT:

Roxanne Moyer, individually and on behalf of her deceased husband Samuel N. Moyer, moves this Honorable Court to grant a new trial in this case pursuant to the provisions of Rule 59 and Rule 51 of the Federal Rules of Civil Procedure.

This case arises from a fatal accident and injury that occurred on February 1, 2011 in which Roxanne Moyer's husband, Samuel N. Moyer, sustained third and fourth degree burns over nearly 100% of his body. Mr. Moyer sustained these injuries while working as a furnace second helper for his employer, ArcelorMittal Laplace, at its steel manufacturing facility in LaPlace, Louisiana.

### I. INTRODUCTION

Plaintiff respectfully submits that the Jury Charge and Verdict Form, when read together, as a whole, misguided the jury and caused juror confusion. The confusion was caused by the jury being required to allocate fault and calculate damages against the tort immune non-

1

defendants, Bayou Steel Corporation, ArcelorMittal LaPlace, ArcelorMittal USA (LCNA) using Louisiana negligence principles, after the jury had deliberated on Plaintiff's Louisiana Product Liability Act claims and found no fault on the part of defendants, Signal and Siemens.

Specifically, the jury instructions and verdict form provided a road map that contained legal error, leading the jury to engage in the vain and useless acts of calculating damages against Bayou Steel *et als.* (the Laplace plant entities) when such an exercise was not required given the jury's previous answers on Plaintiff's LPLA claims.  There is no logical explanation as to why this task was performed by the jury other than that the jury was confused and misunderstood the applicable law as presented in the Court's Jury Charge, and in particular in Jury Charges 20-22.

Here, the jury truly believed they were awarding plaintiff, Roxanne Moyer, $2,602,314.00 against Bayou Steel Corporation, ArcelorMittal LaPlace and ArcelorMittal USA by finding fault on the part of each at the rate of 33.33% under Louisiana Civil Code article 2315 (Louisiana's negligence law), which was enunciated in the jury charges and the verdict form, thereby providing a road map to assess fault against decedent's employer (the Laplace plant entities).

Given the Louisiana Workers Compensation immunity of the non-defendant Bayou Steel entities in this case, and because the jury was not given a qualifying instruction about Louisiana Workers Compensation and its applicability to Bayou Steel, such an allocation of fault and calculation of damages by the jury clearly demonstrates the jury's confusion and misunderstanding of the charge, which renders the verdict as a whole questionable.  Therefore, a New Trial is clearly necessary to be fair to all concerned.

The jury trial of this case began on Monday, July 15, 2013.  Following the Court's Jury

2

Instructions,[1] the jury rendered a verdict[2] against the Plaintiff on her claims arising under the provisions of the Louisiana Product Liability Act, but also "awarding" Plaintiff $2,602,314.00 in damages against Bayou Steel, *et als.* under Louisiana negligence law.  The jury determined the employer owners of the Laplace Steel plant, Bayou Steel, Arcelor Mittal USA and Arcelor Mittal Laplace were totally responsible for the injuries Mr. Moyer sustained on February 1, 2011 and his ultimate death on February 3, 2011.

In compliance with this Court's Jury Instructions the jury found negligence and assessed fault against three tort immune non-defendants.  During its charge, the Court instructed the jury that the plant's fault must be determined under Louisiana negligence law as it had summarized in its charge based on Louisiana Civil Code Article 2315.  Without being informed of the immunity of these non-parties under the Louisiana Workers Compensation statute, the jury apportioned fault like this was an ordinary negligence case, and placed blame in the amount of 33 1/3% to each of the Laplace steel mill entities calculating a monetary verdict of $2,602,314.00.  Because the jury was told by the Court to enter into fault allocation and calculate actual monetary damages against non-defendants on the verdict form, the jury reached a confusing verdict resulting in a Judgment in favor of defendants, Signal Metal and Siemens but also ostensibly "in favor" of plaintiff, Roxanne Moyer, against all the Bayou Steel entities (Laplace plant entities).

The jury's verdict presents the following problem:  If in the third party negligence cases, jurors are prevented from learning about worker's compensation for fear that the jury will believe that Plaintiff is attempting to "double collect," then isn't the reverse true?  In particular, the jury verdict form instructed the jury to make an "award" against a third party, when in truth it was really awarding nothing because the jury did not know of the tort immunity enjoyed by the

---

[1] R. Doc. 247.
[2] R. Doc. 245-3.

Bayou Steel Laplace entities by virtue of the Louisiana Workers' Compensation Act. Therefore, the jury was misguided on the applicable law resulting in a non-enforceable verdict, which the jury did not know it was rendering in this case.

## II. LEGAL ISSUES PRESENTED

Did the Court commit error by requiring the jury to enter into a fault allocation using comparative fault principles regarding the culpability of plaintiff's employer while at the same time failing to instruct the jury that only statute that applied in this case to Bayou Steel, Arcelor Mittal Laplace, and Arcelor Mittal USA was the Louisiana State Workmen's Compensation Statute?

## III. LEGAL AUTHORITY FOR NEW TRIAL

Plaintiff's Motion for New Trial is timely. Under the provisions of Federal Rule of Civil Procedure 59(b), "a Motion for a New Trial must be filed no later than 28 days after the Entry of Judgment." The Court entered Judgment on July 21, 2013. This Motion for a New Trial is filed on August 12, 2013 and is therefore timely.

Under Federal Rule of Civil Procedure 59(a), a motion for a new trial in a jury case may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Although Rule 59(a) does not specify the grounds upon which a court may grant a new trial, Fifth Circuit jurisprudence has identified the following: the verdict is against the great weight of the evidence; the damages awarded are excessive or inadequate; the trial was unfair; or <u>prejudicial error was committed during the course of the trial</u>.[3]

The trial court must "instruct the jurors, fully and correctly, on the applicable law of the case, and ... guide, direct, and assist them toward an intelligent understanding of the legal and

---

[3] *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985).

factual issues involved in their search for truth."[4]  Prejudicial error occurs when the jury instructions create "substantial and ineradicable doubt whether the jury has been properly guided in its deliberations."[5]  The second part of the test to prove prejudicial error is that the erroneous jury instructions must also have the potential to affect the outcome of the case.[6]  Plaintiff has met both parts of this test.

In addition, Federal Rule of Civil Procedure 51(d)(2), states:

To plain error.  "A Court may consider a plain error in the instruction that has not been preserved as requested by Rule 51(d)(1) if error affects substantial rights."

## IV.   LEGAL ARGUMENTS

The law applicable to the non-defendant plant owners in this case (Bayou Steel, Arcelor Mittal USA, Arcelor Mittal Laplace) is the Louisiana Workmen's Compensation Statute, La. R.S. 23:1032, based on the employer/employee relationship with Mr. Moyer.

The clearest statement discussing the applicability of the no-fault Louisiana Workmen's Compensation Law, in contrast to the fault/negligence principles stated in Louisiana Civil Code Article 2315, is found in the old Louisiana Workman's Compensation Law and Practice handbook written by Wex S. Malone Professor of Law, Louisiana State University.

Therein, he succinctly states on page 462:

**Sec 361.  Exclusive Character of Compensation Remedy Between Employer and Employee**

We have previously observed that the principle underlying of the Compensation Act is a compromise whereby the employer surrenders the immunity against liability which he would otherwise enjoy in all cases where he was without fault, and, in return, the

---

[4] 9 Wright & Miller, Federal Practice and Procedure § 2556 (1971).
[5] *Bender v. Brumley*, 1 F.3d 271, 276-77 (5th Cir.1993); *Kyzar v. Vale Do Ri Doce Navegacai, S.A.,* 464 F.2d 285, 290 (5th Cir.1972), *cert. denied,* 410 U.S. 929, 93 S.Ct. 1367, 35 L.Ed.2d 591 (1973); *see also, e.g., McCullough v. Beech Aircraft Corp.,* 587 F.2d 754, 759 (5th Cir.1979).
[6]  *Middleton v. Harris Press and Shear, Inc.,* 796 F.2d 747, 749 (5th Cir.1986) (quoting *Bass v. United States Dept. of Agriculture,* 737 F.2d 1408, 1414 (5th Cir.1984)).

employee loses his right to full damages for his injury and accepts instead a limited sum by way of compensation.

<u>It is obvious that this mutual surrender by employer and employee could not be effectuated if either party were free to ignore the Act whenever it would be to his advantage to do so. For this reason, proceedings for compensation afford the exclusive remedy available to the parties within the area where the Act applies</u>. This finds expression in Section 34 of the Act [LSA-R.S. 23:1032] as follows:

> "The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this chapter shall be exclusive of all other rights and remedies of such employee, his personal representative, dependents, or relations."

<u>Accordingly, our courts have held consistently that whenever the Compensation Act is applicable the employee cannot pursue any remedy for damages against his employer under Article 2315 of the Civil Code, or otherwise</u>.[7]

Under our law, the Court had two courses of action: First, advise the jury that Siemens' & Signal's liability was governed solely by the Louisiana Products Liability Law (which this Court did do); and second, further advise the jury that the only law that applied to Bayou Steel is the Louisiana Workmen's Compensation Statute. Under our jurisprudence, this should have been done as this case does not present the classic situation where there would be a violation of the collateral source rule wherein the jury might think plaintiff was "double collecting."

Why not tell the jury the whole truth in this case?

All the Court needed to do on this graphic burn death case was to provide a cautionary instruction that it would adjust any verdict to apply the Louisiana Workmen's Compensation law as that was the Court's responsibility (just as it would be in a Federal Torts Claim Act case that also involved another defendant that could be tried by a jury). This Court could have easily issued a cautionary instruction that the Court would apply the pertinent law to the Bayou Steel entities at the end of the case in the event that the jury allocated fault to the Laplace plant

---

[7] Louisiana Workmen's Compensation Law and Practice @ page 462 (West Publishing Company)

entities, but the jury could not assess monetary damages against Bayou by operation of law.

Ostensibly, in this case, the jury's measuring stick was the monetary amount of $2,602,314.00 that it thought it was awarding against Bayou Steel and its predecessors and successors. This verdict clearly and convincingly shows that the jury was misguided.

Why would a jury be allowed to calculate a verdict of over two million dollars against an immune defendant in a matter covered exclusively by Louisiana Workmen's Compensation, if such is not permitted under the law?

What was the purpose of having the jury do a vain and useless thing and calculate a value that had no applicability?

What did the jury really believe?

Certainly, this error in instructing the jury under the negligence standard affected Mrs. Moyer's substantial rights to recover for the untimely death of her husband because the jury was not totally informed as to the way the law worked in this Court's jury charge.

In support of its position, plaintiff directs this Court's attention to the cases of *Phillips vs. Western Company of North American*, 953 F2d 923 (1992) and its predecessor *Simmons vs. American Mutual Insurance Company*, 784 F2d 1234 (1986) wherein the Fifth Circuit Court of Appeal discussed how evidence of Louisiana State Workmen's Compensation benefits should be analyzed.

Admittedly, in the present case, the amount of the Louisiana Workers compensation benefits was never mentioned to the jury.

Thus, the issue presented here is whether the Court misinformed the jury that Louisiana negligence law (La Civil Code Art 2315) applied to Bayou Steel and its predecessors, after correctly charging that Louisiana Product Liability Law only applied to Siemens and Signal, but

not Louisiana negligence law.

The jury did not know the whole truth as to the applicability of our laws. This Court accurately stated the law on the Louisiana Product Liability Act. However, the Court did not properly advise the jury as to the applicable law regarding Bayou Steel, nor did the Court discharge its obligation to inform the jury concerning the applicable law to handle any claim against the immune Plant owners in a proper manner. Instead, the Court accidently misled the jury, in its instructions into believing it was rendering a $2,602,314.00 verdict for Mrs. Moyer against the LaPlace plant owners. Once again, the Court did so without mentioning that the Court would handle any liability on the part of Bayou Steel regarding the law that was applicable to them, which is Louisiana Workmen's Compensation.

The curative way to have handled this would have been to state that the Louisiana Workmen's Compensation statute applied, and that it was up to the Court to handle that matter as the jury was not to venture into that arena.

Moreover, the verdict form should have stated that if the jury reached a verdict where they felt that Bayou Steel was totally at fault, then they were not to assess damages as the Court would handle it from that point on. Obviously, the assessment of damages against Bayou Steel and its entities at 1/3, 1/3, 1/3 clearly shows that the jury thought it was rendering a monetary verdict for Mrs. Moyer against Bayou Steel, but not against Siemens and Signal.

If a trial is a search for the truth then the truth was not known by the jury in this case.

This occurred because an honest mistake was made by the Court in misinforming the jury who returned a verdict against the three legally immune Bayou Steel entities, which resulted in a useless verdict. In addition, because of the erroneous instruction and jury verdict form, the jury returned a monetary verdict using a verdict form that never instructed the Jury to stop its

deliberations if it found no fault on Siemens and Signal. These errors resulted in the jurors deliberating and calculating damages to the penny that it felt was a fair jury "award" against the Bayou Steel entities in favor of Mrs. Moyer.

### V. CONCLUSION

As we all learned in Law School, whether it be Loyola, LSU, Tulane, or somewhere else in our great country, a trial is a search for the truth. Thus, the mission of a trial requires "transparency." If there is no transparency, then the truth becomes unclear and confusion reigns above all.

Since truth is paramount, this Court must consider if the jury really understood what it was doing if certain applicable law was not disclosed and the jury was not given a curative instruction on all the laws, which obviously resulted in this case with the jury calculating over two million dollars in damages as an award that it never knew could not be paid. The inescapable conclusion is that in this trial the jury was not correctly informed on all of the law leading it to render a questionable verdict.

By withholding information from the jury on law that was truly applicable (even if it was to be applied by the Court) and instructing the jury that another law applied resulted in the jury staying in the jury room to calculate a jury award of $2,602,314.00 against the Bayou Steel entities. Such a result is just plain wrong.

For the reasons clearly shown on the face of the record, and this Court's competent knowledge that an error has been made, the only choice is either to grant a new trial.

**DAVIS, SAUNDERS & MILLER, PLC**

*/s/ Benjamin B. Saunders*

**BENJAMIN B. SAUNDERS #11733**
**JOSEPH M. MILLER #30636**
400 Mariners Plaza Drive, Suite 401
Mandeville, Louisiana  70448
Telephone: (985) 612-3070
Facsimile:  (985)612-3072
E-mail: bensaunders@davissaunders.com
**Attorneys for Plaintiff, Roxanne Moyer, et al.**

**CERTIFICATE OF SERVICE**

I do hereby certify that on August 13, 2013, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/S/ Benjamin B. Saunders, Esq.*

**Benjamin B. Saunders**