

**Verdict Form**

to: KEVIN DERHAM 07/19/2013 10:22 AM

Cc: "Joseph M. Miller", "joseph.lipari@littletonjoyce.com", "robert.kelly@littletonjoyce.com"

1 attachment



Moyer - verdict form.docx

Counsel:

Here is the verdict form the court plans to use.      is also making several copies of this document. I'm also trying to work through a few formatting issues, so don't worry about that for now.

(See attached file: Moyer - verdict form.docx)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROXANNE MOYER, INDIVIDUALLY AND ON BEHALF OF HER DECEDENT HUSBAND, SAMUEL N. MOYER | * * * * | CIVIL ACTION NO. 11-3185 SECTION: E(5) |
| VERSUS | * * | JUDGE SUSIE MORGAN |
| SIEMENS VAI SERVICES, L.L.C., ET ALS., SIGNAL METAL INDUSTRIES, INC., DANIELI CORPORATION, NORTH AMERICAN REFRACTORIES CO. & BLACK DIAMOND CAPITAL MANAGEMENT, L.L.C. | * * * * * | MAGISTRATE WILKINSON JURY TRIAL REQUESTED |

## JURY VERDICT FORM

### SECTION A

A. **Signal Metal Industries, Inc. ("Signal Metal")**

   1. Do you find that the ladle manufactured by Signal Metal was unreasonably dangerous in its design?

      Yes_____   No_____

      [IF YOU ANSWERED "NO" TO QUESTION NO. 1, PLEASE PROCEED TO QUESTION NO. 4. IF YOU ANSWERED "YES," PROCEED TO QUESTION NO. 2.]

   2. Do you find that the unreasonably dangerous design of the ladle existed at the time it left Signal Metal's control?

      Yes_____   No_____

      [IF YOU ANSWERED "NO" TO QUESTION NO. 2, PLEASE PROCEED TO QUESTION NO. 4. IF YOU ANSWERED "YES," PROCEED TO QUESTION NO. 3.]

   3. Do you find that the unreasonably dangerous design of the ladle was a proximate

1

cause of Samuel Moyer's injury?

Yes_____  No_____

[PROCEED TO QUESTION NO. 4.]

4. Do you find that the ladle had an unreasonably dangerous characteristic of which Signal Metal failed to warn?

Yes_____  No_____

[IF YOU ANSWERED "NO" TO QUESTION NO. 4, PLEASE PROCEED TO SECTION B.  IF YOU ANSWERED "YES," PROCEED TO QUESTION NO. 5.]

5. Do you find that Signal Metal's failure to provide an adequate warning was a proximate cause of Samuel Moyer's injury?

Yes_____  No_____

[PROCEED TO SECTION B.]

## SECTION B

B. **Siemens Industry Inc.**

1. Do you find that Siemens was in the business of manufacturing argon stir stations before 1986?

Yes_____  No_____

[IF YOU ANSWERED "NO" TO QUESTION NO. 1, PLEASE PROCEED TO QUESTION NO. 7.  IF YOU ANSWERED "YES," PROCEED TO QUESTION NO. 2.]

2. Do you find that the argon stir station manufactured by Siemens was unreasonably dangerous in its design?

2

Yes_____ No_____

[IF YOU ANSWERED "NO" TO QUESTION NO. 2, PLEASE PROCEED TO QUESTION NO. 5. IF YOU ANSWERED "YES," PROCEED TO QUESTION NO. 3.]

3. Do you find that the unreasonably dangerous design of the argon stir station existed at the time it left Siemens' control?

Yes_____ No_____

[IF YOU ANSWERED "NO" TO QUESTION NO. 3, PLEASE PROCEED TO QUESTION NO. 5. IF YOU ANSWERED "YES," PROCEED TO QUESTION NO. 4.]

4. Do you find that the unreasonably dangerous design of the argon stir station was a proximate cause of Samuel Moyer's injury?

Yes_____ No_____

[PROCEED TO QUESTION NO. 5]

5. Do you find that the argon stir station had an unreasonably dangerous characteristic of which Siemens failed to warn?

Yes_____ No_____

[IF YOU ANSWERED "NO" TO QUESTION NO. 5, PLEASE PROCEED TO QUESTION NO. 7. IF YOU ANSWERED "YES," PROCEED TO QUESTION NO. 6.]

6. Do you find that Siemens' failure to provide an adequate warning with respect to the argon stir station was a proximate cause of Samuel Moyer's injury?

Yes_____ No_____

3

[PROCEED TO QUESTION NO. 7.]

7. Do you find that the ladle transfer car manufactured by Siemens was unreasonably dangerous in its design?

   Yes_____ No_____

   [IF YOU ANSWERED "NO" TO QUESTION NO. 7, PLEASE PROCEED TO QUESTION NO. 10.  IF YOU ANSWERED "YES," PROCEED TO QUESTION NO. 8.]

8. Do you find that any unreasonably dangerous design of the ladle transfer car existed at the time it left Siemens' control?

   Yes_____ No_____

   [IF YOU ANSWERED "NO" TO QUESTION NO. 8, PLEASE PROCEED TO QUESTION NO. 10.  IF YOU ANSWERED "YES," PROCEED TO QUESTION NO. 9.]

9. Do you find that the unreasonably dangerous design of the ladle transfer car was a proximate cause of Samuel Moyer's injury?

   Yes_____ No_____

   [PROCEED TO QUESTION NO. 10]

10. Do you find that the ladle transfer car had an unreasonably dangerous characteristic of which Siemens failed to warn?

    Yes_____ No_____

    [IF YOU ANSWERED "NO" TO QUESTION NO. 10, PLEASE PROCEED TO SECTION C.  IF YOU ANSWERED "YES," PROCEED TO QUESTION NO. 11.]

11. Do you find that Siemens' failure to provide an adequate warning was a

4

proximate cause of Samuel Moyer's injury?

Yes_____   No_____

[PROCEED TO SECTION C.]

## SECTION C

C. **Allocation of Fault/Damages**

Please allocate on a percentage basis the degree of fault, if any, which you attribute to each of the following entities. All numerical percentages you enter in this question should add up to a total of 100%. The arrangement of the names does not suggest any priority of the allocation of fault.

| | |
|---|---|
| Bayou Steel Corporation | _____% |
| ArcelorMittal LaPlace | _____% |
| ArcelorMittal USA (LCNA) | _____% |
| Signal Metal Industries | _____% |
| Siemens Industry Inc. | _____% |

[PROCEED TO SECTION D.]

## SECTION D

D. **Damages**

Without considering the percentages of fault listed above, and without deducting any sums based on those percentages, what amount of money will fairly and adequately compensate the Plaintiff as a result of the injury Samuel Moyer sustained in this accident?

$_____ Physical Pain and Suffering, Samuel Moyer

5

$_____ Mental Pain and Suffering, Samuel Moyer

$_____ Loss of Financial Support and Services, Roxanne Moyer

$_____ Grief, Loss of Love and Affection, Roxanne Moyer

**New Orleans, Louisiana, this** _____ **day of July, 2013.**

_____
FOREPERSON SIGNATURE

_____
FOREPERSON NAME (PRINTED)